IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RUSSELL COOPER, et al.,

          Plaintiffs,

v.                              CIVIL ACTION NO. 2:22-cv-00100

UNITED STATES OF AMERICA, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion of the Defendants to Dismiss Defendant Bridgett Freeman, FNP-BC, from This Civil Action and to Substitute the United States as the Sole and Proper Defendant. [ECF No. 11]. Because federal law requires this substitution, the motion is **GRANTED**.

Plaintiff Russell Cooper brought this action both in his individual capacity and as administrator of the Estate of Diana S. Cooper. Mr. Cooper alleges that Valley Health Systems, Inc. ("VHS"), a federally qualified health center located in the Southern District of West Virginia, and its employees—including Bridgett Freeman, FNP-BC—failed to properly screen for or treat a medical condition that caused the death of Ms. Cooper. Mr. Cooper filed his complaint in this court, alleging tort claims against the United States of America ("the government") and Ms. Freeman for

medical malpractice and negligence, as well as a negligence claim brought pursuant to the Federal Tort Claims Act ("FTCA"). *See* [ECF No. 1].

The government, on behalf of its employee Ms. Freeman, filed its motion to dismiss Ms. Freeman and substitute the United States of America as the sole defendant, arguing that the FTCA requires that Mr. Cooper bring his claims against the government, not its individual employee. [ECF No. 11]. The government additionally filed two exhibits to its motion. First, the government filed a declaration of Erica Gibson, an attorney for the United States Department of Health and Human Services, stating that VHS has been deemed eligible for FTCA malpractice coverage since at least January 1, 2010, and that Ms. Freeman, as an employee of VHS, was therefore deemed an employee of the government for purposes of the FTCA. [ECF No. 11-1]. Second, the government filed a certification by William S. Thompson, the United States Attorney for the Southern District of West Virginia, that Ms. Freeman was acting within the scope of her federal employment at all times relevant to the complaint. [ECF No. 11-2]. The motion has gone unopposed.

The FTCA provides private parties with a cause of action in a federal court against the United States for most torts committed by persons acting on behalf of the United States. *See* 28 U.S.C. § 1346. The Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") modifies the FTCA to immunize a federal employee from liability for her "negligent or wrongful act or omission . . . while acting within the scope of h[er] office or employment" such that the exclusive remedy is a suit against the United States as the employer. 28 U.S.C. § 2679(b)(1).

The Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act, extends FTCA coverage to certain eligible community health centers and their employees. 42 U.S.C. § 233(g)(1)(A). The Secretary of Health and Human Services deems a community health center eligible after the center has qualified for certain federal assistance. *Id.*

Moreover, the Westfall Act provides that upon certification from the Attorney General that a defendant employee was acting within the scope of her employment at the time of the incident described in the complaint, "the United States shall be substituted" for the employee as the party defendant. 28 U.S.C. §§ 2679(d)(1)–(2). The Attorney General of the United States has delegated the authority to provide such certification to the United States Attorney for the district in which the incident allegedly occurred. 28 C.F.R. § 15.4(a). Although the certification does not conclusively establish that the defendant employee was acting within the scope of his employment, the plaintiff has the burden of proving otherwise once the certification has been made. *Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997).

In this case, the government has filed a certification executed by the United States Attorney for the Southern District of West Virginia that indicates that Ms. Freeman, as an employee of an eligible community health center, was acting within the scope of her employment as an employee of the United States at the time of the alleged incident giving rise to Mr. Cooper's complaint. [ECF No. 11-2]. Mr. Cooper has not refuted the certification, and the statute requires the court to substitute the United States for the federal employee upon said certification.

Accordingly, the motion to dismiss Ms. Freeman and substitute the United States of America as the sole defendant [ECF No. 11] is **GRANTED**. Bridgett Freeman, FNP-BC, is **DISMISSED** as a defendant from this action. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 6, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE